# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Case No.:

**IVETTE ROSA,**

    Plaintiff,                                                                                          **COMPLAINT**

v.

**TRANS UNION LLC, and PORTFOLIO RECOVERY ASSOCIATES, LLC,**

                                               **DEMAND FOR JURY TRIAL**

    Defendants.
_____/

## COMPLAINT

Plaintiff, Ivette Rosa ("Plaintiff"), by and through counsel, files this Complaint against Trans Union LLC ("Trans Union") and Portfolio Recovery Associates, LLC ("PRA"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## DEMAND FOR JURY TRIAL

3. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Orange County, Florida.

5. Defendant Trans Union is a Delaware Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Defendant Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6. Defendant PRA is a debt collection agency whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. Defendant PRA is a "person" as defined by FCRA, 15 USC §1681a(b).

## GENERAL ALLEGATIONS

7. This action involves derogatory and inaccurate reporting of an alleged debt by Defendant PRA ("PRA Account") to Defendant Trans Union.

8. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize

accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

9. Section 1681s-2(b) imposes a second category of duties on furnishers of information.

10. This obligation is triggered upon "notice of dispute"-- that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. *See* § 1681i(a)(2) (requiring CRA's promptly to provide such notification containing all relevant information about the consumer's dispute). Subsection 1681s-2(b) provides that, after receiving a notice of dispute, the furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2)...;
>
> (C) report the results of the investigation to the [CRA];
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information...; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation

under paragraph(1)...(i)modify... (ii)delete [or] (iii)permanently block the reporting of that item of information [to the CRAs].

11. Any furnisher who negligently fails to comply with any of its investigation duties is liable to the consumer for actual damages, the costs of litigation, and attorney fees. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages up to $1000, for punitive damages, as well as for costs and attorney fees.

12. In or around November 2023, Plaintiff discovered that Defendant Trans Union was reporting the PRA Account balance inaccurately on her credit report.

13. In or around November 2023, Plaintiff disputed the PRA Account with Defendant Trans Union.

14. On or about December 20, 2023, Defendant Trans Union verified the PRA Account as accurate.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

15. Plaintiff incorporates by reference the allegations regarding Defendant Trans Union in ¶¶ 1-14 of this Complaint.

16. Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the PRA Account with Defendant Trans Union and continues to include the same

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

information concerning inaccurate and derogatory reporting of the PRA Account with Defendant Trans Union, a consumer reporting agency.

17. In or around November 2023, Plaintiff discovered that Defendant Trans Union was reporting the PRA Account balance inaccurately on her credit report.

18. In or around November 2023, Plaintiff disputed the PRA Account with Defendant Trans Union.

19. On or about December 20, 2023, Defendant Trans Union verified the PRA Account as accurate.

20. Despite Defendant Trans Union having been put on notice of the fraudulent and inaccurate reporting, Defendant Trans Union did not remove the PRA Account from Plaintiff's Trans Union credit report.

21. As of the filing of this complaint, Defendant PRA's derogatory and inaccurate information is still listed on Plaintiff's Trans Union credit report.

22. Defendant Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

23. Defendant Trans Union is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

24. Despite Defendant Trans Union having received Plaintiff's dispute of the PRA Account, Defendant Trans Union continues to report the PRA Account as an adverse account with Defendant PRA.

25. Continuing to report the status of the PRA Account in this fashion is significant.

26. By continuing to report the status of the PRA Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

27. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

28. Defendant Trans Union failed to conduct a reasonable investigation and reinvestigation.

29. Defendant Trans Union failed to review and consider all relevant information submitted by Plaintiff.

30. Defendant Trans Union failed to conduct an independent investigation and, instead, deferred to Defendant PRA, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

31. Defendant Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Trans Union

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

failed to correct the information.

32. Defendant Trans Union's reporting of inaccurate information about the PRA Account, which is the subject of the Dispute, despite evidence that said information is inaccurate, demonstrates Defendant Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

33. Defendant Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant PRA despite being in possession of evidence that the information was inaccurate.

34. Without any explanation or reason, Defendant Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

35. Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Trans Union's failure to correct the credit report pertaining to Plaintiff.

36. On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

37. Defendant Trans Union failed to establish or follow reasonable

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Trans Union credit report.

38.  Defendant Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

39.  Defendant Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Trans Union to delete; and [h] the

failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

40. The conduct, action, and inaction of Defendant Trans Union was willful, thereby rendering Defendant Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

41. Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

42. The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Trans Union, was the direct and proximate result of Defendant Trans Union's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

43. As a result of the conduct, action, and inaction, of Defendant Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

44. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

45.     Plaintiff incorporates by reference the allegations regarding Defendant Trans Union in ¶¶ 1-14 above of this Complaint.

46.     On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

47.     On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

48. On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

49. Additionally, Defendant Trans Union negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

50. Defendant Trans Union has negligently failed to comply with the FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Trans Union to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

before including it in the credit report of the consumer.

51. The conduct, action, and inaction, of Defendant Trans Union was negligent, thereby rendering Defendant Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

52. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

53. As a result of the conduct, action, and inaction of Defendant Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

54. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant PRA)

55. Plaintiff incorporates the allegations regarding the PRA Account and Defendant PRA ¶¶ 1-14 of this Complaint.

56. Defendant PRA is a debt collection agency.

57. In or around November 2023, Plaintiff discovered that Defendant Trans Union was reporting the PRA Account balance inaccurately on her credit report.

58. In or around November 2023, Plaintiff disputed the PRA Account with Defendant Trans Union.

59. On or about December 20, 2023, Defendant Trans Union verified the PRA Account as accurate.

60. In response to the Dispute, Defendant Trans Union promptly and properly gave notice to Defendant PRA of the Dispute in accordance with the FCRA.

61. As of the filing of this complaint, the debt has continued to be verified by Defendant PRA on Plaintiff's Trans Union credit report.

62. Defendant PRA is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

63. On a date better known by Defendant PRA, Defendant Trans Union promptly and properly gave notice to Defendant PRA of Plaintiff's Disputes in accordance with the FCRA.

64. In response to the notice received from Defendant Trans Union regarding Plaintiff's Disputes, Defendant PRA did not and otherwise failed to conduct a reasonable investigation into the PRA Account which is the subject of the

Disputes.

65. In response to receiving notice from Defendant Trans Union regarding Plaintiff's Disputes, Defendant PRA failed to correct and/or delete information it knew to be inaccurate and/or which Defendant Trans Union could not otherwise verify.

66. Instead of conducting a reasonable investigation, Defendant PRA erroneously validated the PRA Account and continued to report inaccurate information to Defendant Trans Union.

67. On at least one occasion within the past year, by example only and without limitation, Defendant PRA violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

68. On at least one occasion within the past year, by example only and without limitation, Defendant PRA violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Defendant Trans Union.

69. On at least one occasion within the past year, by example only and without limitation, Defendant PRA violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Trans Union about the inaccurate information.

70. Upon information and belief, Defendant PRA was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's

Disputes.

71. Defendant PRA's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

72. As a direct and proximate result of Defendant PRA's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of the extension of new credit; (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

73. Defendant PRA's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

74. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant PRA, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant PRA)

75. Plaintiff incorporates the allegations regarding the PRA Account and Defendant PRA in ¶¶ 1-14 of this Complaint.

76. On at least one occasion within the past year, by example only and without limitation, Defendant PRA violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

77. On one or more occasions within the past year, by example only and without limitation, Defendant PRA violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Defendant Trans Union.

78. On one or more occasions within the past year, by example only and without limitation, Defendant PRA violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

79. When Defendant PRA received notice of Plaintiff's disputes from Defendant and Trans Union, Defendant PRA could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

80. Defendant PRA would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant PRA had reviewed its own systems and previous communications with Plaintiff.

PAGE | **16** of 18

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

81. Defendant PRA's investigation was per se deficient by reason of these failures in Defendant PRA's investigation of Plaintiff's Disputes.

82. As a direct and proximate result of Defendant PRA's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of the extension of new credit (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

83. Defendant PRA's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

84. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant PRA awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: December 29, 2023

                                                  Respectfully Submitted,

                                                  /s/ Gerald D. Lane, Jr.
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*

PAGE | **18** of **18**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com